**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Altony Brooks, | Case No. 2:24-cv-7718-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Randy Demory, Director of the Hill-Finklea Deter Center, *et al.*, | |
| Defendants. | |

Before the Court is the Report and Recommendation (R & R) of the Magistrate Judge recommending that Defendant Michael Spears be summarily dismissed from the case because he is absolutely immune as a prosecutor from suit for actions taken associated with his role in the judicial phase of the criminal process. (Dkt. No. 22). Plaintiff has filed objections to the R & R. (Dkt. No. 24). For the reasons set forth below, the Court adopts the R & R as the Order of the Court and summarily dismisses Defendant Spears as a party in this action.

### I.  Background

Plaintiff brought this action while he was a detainee at the Hill-Finklea Detention Center in Berkeley County. His complaint includes allegations against Defendant Michael Spears, an assistant solicitor, for allegedly "continuing the sham legal process" against him. (Dkt. No. 1-1, ¶ 12). At the time Plaintiff filed his complaint, he had numerous charges pending against him, including unlawful carrying of a pistol, presenting firearms at a person, resisting arrest, escape and attempted escape from prison. (Dkt. No. 22 at 3-4). Defendant Spears is listed as the assistant solicitor assigned to the charges pending against Plaintiff. (*Id*.).

Plaintiff has filed objections to the R & R, arguing that Defendant Spears no longer has immunity from suit because he has left the employment of the Solicitor's Office. He further argues

1

that Defendant Spears was acting outside his official capacity in the prosecution against him. (Dkt. No. 24). Plaintiff contends he should be able to obtain discovery needed to prove that the charges against him are the product of "fraud." (*Id*. at 1).

## II. Legal Standard

### A. Review of R&R

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### B. Motion to Dismiss

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule

2

12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980).  However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.    Discussion

The Magistrate Judge correctly concluded that the claim asserted by Plaintiff against Defendant Spears is subject to summary dismissal because a prosecutor is absolutely immune for actions "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009).   This absolute immunity includes actions taken by a prosecutor in initiating a prosecution and in conducting a prosecution of a defendant. *Id*. at 343. The fact that a prosecutor has subsequently left the prosecutor's office does not affect his absolute immunity from a damages suit by a disgruntled defendant.

## IV.    Conclusion

The Court finds that the Magistrate Judge ably summarized the factual issues in this matter and correctly concluded that the claim against Defendant Spears is subject to summary dismissal.

3

In light of the foregoing, the Court adopts the R & R of the Magistrate Judge (Dkt. No. 22) as the

Order of the Court and summarily dismisses Defendant Spears as a party in this action.

**AND IT IS SO ORDERED.**


_s/ Richard M. Gergel_
Richard Mark Gergel
United States District Judge

June 6, 2025
Charleston, South Carolina