IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Altony Brooks,<br><br>   Plaintiff,<br> v.<br><br>Randy Demory, *Director of Hill-Finklea Detention Center*, Duane Lewis, Hannah Read and John Doe,<br><br>   Defendants. | Case No. 2:24-cv-7718-RMG<br><br>**ORDER AND OPINION** |

  Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending that the Removing Defendants' motion to dismiss be granted in part and denied in part. (Dkt. No. 28). Defendants Randy Demory and Duane Lewis and Plaintiff Altony Brooks objected to the R&R. (Dkt. Nos. 30, 32). For the reasons set forth below, the Court grants Defendants' motion. (Dkt. No. 5).

**I. Background**

  Plaintiff was an inmate in the Hill-Finklea Detention Center ("HFDC") at the time of filing his Complaint. (Dkt. No. 1-1, ¶ 3). Plaintiff brings various claims against Defendants, including:

   (1) False arrest and false imprisonment against Demory and John Doe in violation of state law, S.C. Code Ann. § 15-78-70

   (2) Outrage in violation of state law, S.C. Code Ann. § 15-78-70, against Demory, John Doe, and Lewis

   (3) Violation of the Fourth, Thirteenth (for "peonage and slavery"), and Fourteenth Amendments of the U.S. Constitution against Demory, Lewis, and Doe, brought pursuant to 42 U.S.C. § 1983

   (4) Fraud against Demory, Reed, and Doe in violation of federal and state law, perjury of oaths under common law S.C. Code 15-75-60

1

  (5) Claim and delivery against Demory for possession of Plaintiff's living breathing body to be set free from custody, under common law and S.C. Code Ann. § 15-69-10 et seq.

  (6) Assault and battery against Doe for slamming Plaintiff and pulling his hair under common law, S.C. Code 15-78-70

(Dkt. No. 1-1, 5–6 ¶¶ 1, 18–23). Plaintiff seeks damages and injunctive relief requiring HFDC "to provide him . . . to be free from unlawful arrest and detainment." (*Id.*, ¶¶ 1, 26). Defendants Randy Demory, Duane Lewis, and Hannah Reed (collectively, the "Removing Defendants") moved to dismiss Plaintiff's case on January 6, 2025. (Dkt. No. 5). The Court entered a Roseboro Order on January 7, 2025 directing Plaintiff to respond to Defendants' motion within 31 days. (Dkt. No. 6). Despite being granted two separate extensions, Plaintiff did not file a response to Defendants' motion to dismiss.

## II. Legal Standard
### A. Review of R&R

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### B. Fed R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.*

### III. Discussion

The Removing Defendants move to dismiss Plaintiff's case on the grounds that: (1) they are entitled to Eleventh Amendment immunity in their official capacities; (2) Plaintiff's claims based on sovereign citizenship are frivolous; (3) Plaintiff's claims based on the Thirteenth

Amendment relating to slavery and peonage through incarceration are frivolous; (4) outrage is not a permitted cause of action under the South Carolina Tort Claims Act ("SCTCA"), S.C. Code Ann. §15- 78-10 et seq.; (5) the Removing Defendants in their official and individual capacities are immune from suit pursuant to the SCTCA; (6) Plaintiff has failed to set forth facts upon which he can recover with respect to his claims for fraud, claim and delivery, and sham legal process; (7) Plaintiff's request for attorneys' fees should be stricken because he is proceeding pro se; and (8) Plaintiff has not met the requirements for injunctive relief. (Dkt. No. 5). The Magistrate Judge recommends dismissal of the bulk of Plaintiff's claims aside from Plaintiff's Fourth and Fourteenth Amendment claims and recommends denial of the Removing Defendants' request that Plaintiff's request for attorney's fees be stricken from his Complaint as premature and denial of their request that Plaintiff's action be found frivolous and counted as a strike under the Prison Litigation Reform Act ("PLRA"). ((Dkt. No. 28).

Defendants Sheriff Duane Lewis and Director Randy Demory object to the portion of the R&R which states:

> Plaintiff's also asserts § 1983 claims against Defendants Lewis and Demory for violation of the Fourth and Fourteenth Amendments. *See* ECF No. 1-1 at 5, ¶ 20. Although the Removing Defendants seek dismissal of this case in full, *see* ECF No. 5, they do not make any specific arguments regarding dismissal of individual capacity claims for violations of the Fourth and Fourteenth Amendments, *see* ECF No. 5-1. As such, the undersigned makes no recommendation as to those claims in this R&R.

(Dkt. No. 28 at 11, n.10). Defendants note that "the Plaintiff's claims for Fourth and Fourteenth Amendment violations were included in their motion with respect to the requests for dismissal of claims based on sovereign citizenship," highlighting that "[t]he Magistrate recommended dismissal of the false arrest/false imprisonment claim, which should include any Fourth or

4

Fourteenth Amendment claims for the same." (Dkt. No. 30 at 1-2). They explain that Plaintiff's Fourth and Fourteenth Amendment claims "were not argued in detail because there were no detailed, specific claims relating to them." (*Id.* at 2).

On review of Defendant's motion to dismiss, the Court finds that Defendant did make an argument for dismissal of Plaintiff's Fourth and Fourteenth Amendment claims in their discussion of Plaintiff's sovereign citizen claims. (Dkt. No. 5-1 at 4-5). As a result, the Court adopts the R&R as the findings of fact in this case but declines to adopt footnote 10 of the R&R, in which the Magistrate Judge found that the Removing Defendants "[did] not make any specific arguments regarding dismissal of individual capacity claims for violations of the Fourth and Fourteenth Amendments." (Dkt. No. 28 at 11 n.10). Plaintiff's claims are clearly frivolous and subject to dismissal.

The Court next considers Plaintiff's "objections" to the R&R, which span 15 pages. (Dkt. No. 32). Plaintiff's objections are composed of Plaintiff's rehashing of the claims made in his complaint (*id.* at 3, 10-12), his recitation of excerpts of various rules of civil procedure, statutes and case opinions (*id.* at 2-9, 12-15), and his concluding statement that he "objects in its entirety to [the R&R]." (*Id.* at 13). He also objects to prior dismissals by this Court and alleges the Court has "misconstru[ed] the facts and ignor[ed] precedent" in dismissing his case. (*Id.* at 1). Plaintiff's objections are non-specific and are not entitled to *de novo* review by this Court. *Diamond*, 416 F.3d at 315. The Court is satisfied that, aside from footnote 10 of the R&R, which this Court declines to adopt upon finding that the Removing Defendants did make arguments regarding dismissal of Plaintiff's Fourth and Fourteenth Amendment claims, the R&R is devoid of clear error.

## IV.  Conclusion

In light of the foregoing, the R&R is **ADOPTED IN PART**.[1] The Removing Defendants' Motion to Dismiss is **GRANTED**. (Dkt. No. 5). Plaintiff's claims against the Removing Defendants are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against Defendant John Doe remain.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

July 31, 2025
Charleston, South Carolina

---

[1] The Court does not adopt footnote 10 of the R&R, *see* Dkt. No. 28 at 11, and instead finds that the Removing Defendants raised Plaintiff's Fourth and Fourteenth Amendment claims in their motion for dismissal. (*See* Dkt. No. Dkt. No. 5-1 at 4-5).