IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Altony Brooks, ) ) Plaintiff, ) ) v. ) ) John Doe, ) ) Defendant. ) _____) | Civil Action No. 2:24-cv-07718-RMG-MHC<br><br>REPORT AND RECOMMENDATION |

Plaintiff, proceeding pro se, filed the above action in the Court of Common Pleas for Berkeley County, South Carolina, asserting claims against five defendants. The case was removed to this court on December 31, 2024. ECF No. 1. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

Four of the five original defendants have been dismissed from this action. *See* ECF Nos. 25, 33. Accordingly, John Doe is the only Defendant remaining in this action. Defendant John Doe has not filed an answer or otherwise appeared in this action, and there is nothing on the docket indicating that Defendant John Doe has been properly served in this case.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant . . . [b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019), *as amended* (June 10, 2019) ("Rule 4(m) requires the dismissal of defendants who remain unserved ninety days after the filing of a complaint unless 'the plaintiff shows good cause.'"). In

cases removed to federal court from state court, "[i]t is generally recognized that the clock starts from the date of removal." *Addison v. Amica Mut. Ins. Co.*, No. 5:18-CV-03158-JMC, 2019 WL 4071854, at *3 (D.S.C. Aug. 29, 2019).

On August 14, 2025, the Court issued an Order reminding Plaintiff that he is responsible for service of process under Rule 4, which generally requires, among other things, that a Defendant be served within 90 days after the removal of a case and that the Plaintiff provide proof of service to the Court. ECF No. 36. In the Order, the Court noted that more than 90 days had passed since this case was removed, but no proof of service had been filed as to Defendant John Doe. *Id.* The Court ordered Plaintiff to provide the Court with proof of service of the Complaint upon Defendant John Doe by August 28, 2025, and warned that failure to do so may result in this case being dismissed for failure to serve. *Id.*

The August 28 deadline has passed, but Plaintiff has not responded to the August 14 Order or provided any proof of service upon Defendant John Doe. *See* Docket. Because Plaintiff has not made proper service on Defendant John Doe and has not shown good cause for his failure to serve this Defendant, Defendant John Doe is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m); *Attkisson*, 925 F.3d at 627.

## **RECOMMENDATION**

Based on the foregoing, the undersigned **RECOMMENDS** that this case be **DISMISSED**, without prejudice, as against Defendant John Doe, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

It is so **RECOMMENDED**.

Plaintiff is referred to the Notice Page attached hereto.

                                                                                                                                 _____
                                                                                                                                 Molly H. Cherry
                                                                                                                                 United States Magistrate Judge

September 9, 2025
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).