# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Altony Brooks,<br><br>　　　　　Plaintiff,<br>　v.<br><br>John Doe,<br><br>　　　　　Defendant. | Case No. 2:24-cv-07718-RMG<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that Plaintiff's claims against Defendant be dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 4(m), for failure to timely serve the Complaint upon Defendant. (Dkt. No. 38). Plaintiff, proceeding *pro se*, was given notice that he had 14 days from the date of the R&R to file any objections, which, with three additional days for mailing, required the filing of objections on or before September 26, 2025. *Id*. at 4. No objections have been received by the Court. For the reasons set forth below, the Court adopts the R&R as the Order of the Court and dismisses Plaintiff's claims without prejudice for failure to properly serve Defendant.

**I.     Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only

1

satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

## II. Discussion

On October 30, 2024, Plaintiff filed the Complaint in state court alleging that Defendant—along with four others who have been dismissed from this action (Dkt. No. 33)—violated Plaintiff's rights under the United States Constitution and state law during his arrest and subsequent detention on May 4, 2023. (Dkt. No. 1-1). The case was later removed to federal court on December 31, 2024. (Dkt. No. 1). On August 14, 2025, the Magistrate Judge issued an order, stating, "Defendant John Doe has not filed an answer or otherwise appeared in this action, and there is nothing on the docket indicating that Defendant John Doe has been properly served in this case." (Dkt. No. 36, at 1). Accordingly, the Magistrate Judge reminded Plaintiff of his obligation to serve Defendant with the Complaint and gave him until August 28, 2025, to provide proof of service of the Complaint upon Defendant. *Id*. at 2. The Magistrate Judge also warned Plaintiff that failing to provide such proof "may result in this case being dismissed for failure to serve." *Id*. Notwithstanding the Magistrate Judge's cautionary advice, Plaintiff failed to respond to the August 14 Order or provide proof of service. (Dkt. No. 38). Thus, the Magistrate Judge concluded that Plaintiff's claims against Defendant should be dismissed without prejudice for failure to timely serve the Complaint pursuant to Federal Rule of Civil Procedure 4(m). *Id*. *See also* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that Plaintiff's claims against Defendant should be dismissed without prejudice pursuant to Rule 4(m).

## III.   Conclusion

For the foregoing reasons, the Court **ADOPTS** the R&R (Dkt. No. 38) as the Order of the Court and **DISMISSES** the claims against Defendant without prejudice.

**AND IT IS SO ORDERED.**

 s/ Richard M. Gergel
Richard Mark Gergel
United States District Judge

September 29, 2025
Charleston, South Carolina